**UNITED STATES of America**

**v.**

**Ivory PARKER, also known as Andy Parker, et al.**

**Crim. No. 62–90–C.**

United States District Court
D. Massachusetts.

Sept. 25, 1962.

W. Arthur Garrity, Jr., U. S. Atty., Wm. J. Koen, Asst. U. S. Atty., for United States.

Ivory Parker, pro se.

CAFFREY, District Judge.

Defendant Ivory Parker, also known as Andy Parker, and one George C. Desmond, were found guilty on June 20, 1962, after a trial by jury, under a two-count indictment. The two counts respectively charged violation of 26 U.S.C. 4705(a) and 21 U.S.C.A. § 174.

Defendant was sentenced on each count to the mandatory minimum sentence of five years, the sentence on Count Two to be served concurrently with that imposed on Count One. At the same time, and prior to the imposition of sentence in this case, the defendant changed his previous plea of not guilty in Criminal Action No. 62–152 and received a sentence of five years in that case, to be served concurrently with those imposed in the instant case.

On July 30, 1962, some forty days after the entry of judgment in both cases, defendant wrote a letter to the Court asserting in substance that he was denied his rights of appeal by the failure of his court-appointed counsel to advise him of the necessity for filing a notice of appeal within ten days from the date of judgment. The letter then requested the appointment of counsel "for the purpose of presenting his case in accordance to the statures (sic)."

On August 2, 1962 the defendant wrote a second letter requesting that the same be treated as "a petition in the form of pauperus solely for the purpose of releasing the stenographic copy of the minuets of the trial mentioned."

In United States v. Robinson, 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259, the Supreme Court unequivocally ruled that a District Court is without power or jurisdiction to enlarge the time for filing a notice of appeal after expiration of the ten-day period prescribed by Rule 37(a)(2), Federal Rules of Criminal Procedure, 18 U.S.C., which period the Court characterized as both mandatory and jurisdictional.

Since this Court is without power to enlarge the ten-day period for taking an appeal, treating the letter of July 30, 1962 as a motion for extension of the time for taking an appeal and as a motion for the appointment of counsel in connection therewith, and treating the letter of August 2, 1962 as a petition for leave to proceed *in forma pauperis* in connection with said appeal, all motions are denied.